BOUTALL, Judge.
The defendant, The Paul Revere Life Insurance Company, asserting lack of coverage, appeals the judgment condemning it to pay hospitalization benefits to the plaintiff.
Mrs. John Famularo was covered under a group hospitalization policy. Her son, Dennis, was a dependent under the terms of the policy as a full time student. His leg was crushed when his leg was pinned between a car and a tree. At this time, Dennis was pursuing a degree in accounting and held a part time job working as a stockboy at a supermarket in New Orleans.
As a result of that fracture, Dennis incurred certain medical and hospitalization expenses which were paid in full until his graduation. After his graduation, Dennis became a junior accountant for an accounting firm. During this time, his leg had not healed. He continued receiving treatment from his doctor. Later he underwent an operation for removal of the pins and plate which had previously been implanted in his leg. It is these after graduation expenses that the insurance company refuses to pay. The trial court found that the expenses were within the coverage provided by the policy and ordered payment of the expenses of $1,956.76, plus $250.00 as attorney’s fees. We affirm.
We find that the second operation was a continuation of the treatment that began with the first operation at the time of the accident. The uncontradicted testimony of Dennis is that he was hospitalized for 50 days and in a cast for 8 months. When the cast was removed, he had to wear a weight-bearing brace from hip to toe for another 4 months. Then he used crutches for another 3 months until the pins and plate were removed. After this, Dennis had to use crutches for another 3 months.
During the whole time, Dennis made regular visits to his doctor. Generally visits were once a week or bi-monthly. The doctor’s report not only substantiates the testimony of Dennis, but shows that complications set in requiring continuous treatment. The wound remained open and draining. Infection set in and the pins and plate had to be removed to allow healing after the leg became weight-bearing. It was not until this last operation that Dennis’s leg finally healed.
*533 We now pass to a consideration of the policy coverage terms applicable to the above facts.
At the time of the accident, coverage was admitted as provided under the following:
“DEPENDENTS BENEFITS
“An employee with Dependents as hereinafter defined may in addition to obtaining insurance in respect of himself be insured for the Dependents Benefits hereinafter provided.
Definition: The term ‘Dependent’, whenever used in this policy, shall mean: An Employee’s (1) Spouse, and (2) unmarried child under nineteen years of age or between ages nineteen and twenty-five while such child is enrolled full time in an educational institution and receiving the majority of his support from the Employee, * * * ”
The dispute arose because, during treatment, the dependent finished school and became employed. The policy provides:
“Termination of an Employee’s Dependents Benefits. The Dependents Benefits in respect of any Dependent shall automatically cease when such person ceases to come within the definition of a Dependent, or when the Employee fails to make the required contribution therefor, or when the Employee ceases to be insured under this policy.”
Thus, the issue here is what benefits are due after the dependent ceased to come within the definition of a dependent. The termination provisions above are immediately followed by this:
“Recurrent Disability. If, after termination of any disability of any Dependent on account of which the Employee has become entitled to any Dependents Benefits hereunder, such Dependent again becomes disabled due to the same or related cause, such later period of disability shall be treated as a continuation of the previous period of disability unless such Dependent had completely recovered from the previous disability.”
Extension of surgical benefits under the basic.policy was for 90 days, but under the Dependents Comprehensive Major Medical Expense Benefit is the extension applicable here:
“G. Extension of Benefits.
“1. If a Dependent who has been totally and continuously disabled from the date of termination of the Employee’s insurance under this Benefit incurs Covered Medical Expenses during such disability and within twelve months of such date, the Insurance Company will pay the same Dependents Comprehensive Major Medical Expense Benefits for Covered Medical Expenses incurred during such twelve-month period as would have been payable had the insurance not terminated.”
Applying the related facts to the policy provisions quoted above, we conclude that the trial judge was correct in his finding of coverage. There are two bases for this conclusion.
First, it is conceded that Dennis was disabled in the accident and the subsequent hospitalization, and even after release when he was in a cast and later braces. That treatment did not stop, and the subsequent operation was only scheduled later to afford his leg an opportunity to become weight-bearing before the removal of the supporting pins and plates. It certainly cannot be contended that he was not again completely disabled when that operation took place. By the policy definition under recurrent disability, that later period of disability is treated as a continuation of the previous period of disability.
Secondly, as a matter of fact and general law, the dependent is totally and continually disabled from the date of termination. Again, it is conceded that Dennis’s disability prevented him from performing the duties that he was engaged in at the time of the accident, that is, stock boy. It is appellant’s contention that Dennis is no longer totally disabled because he is able to fulfill the obligations of his present employment, that of an accountant. In support, appellant refers us to the cases of Johnson v. State Farm Mutual Auto Insurance Com *534 pany, 342 So.2d 664 (La.1977) and Felker v. Aetna Life Insurance Company, 234 So.2d 758 (La.App. 1st Cir. 1970). We note that there is some difference in the policies involved in those cases as well as the benefits claimed. In those cases there was a consideration of disability payment claims for the disability itself. Here we are involved with a hospitalization policy and only for medical expenses. Nevertheless, we conclude that the plaintiff here has fulfilled the requirements of those cases as well as the case of Ayres v. New York Life Insurance Company, 219 La. 945, 54 So.2d 409 (1951) to which we are referred by plaintiff. The fact that the dependent has engaged in other employment does not of itself show that he is not disabled within the policy definition. He certainly cannot do any work which would require long periods of standing or weight bearing upon his leg. Additionally, he was required to wear a brace of some sort, and his wounds were open and draining. When he took the new employment, it was with the understanding that he could not do all of the duties he would ordinarily be called upon to do. His employers testified that his disability was recognized and that his future operation would soon take place. Accordingly he was only assigned duties within his capability until such time as his leg would eventually heal. We reiterate that during the period of the second operation he could do no work whatsoever.
The last specification of error urged by appellant is that the benefits provision of the policy should not be applied unless it be shown that the employee’s insurance had been terminated. It is contended that the extension of benefits provision only applies in such case. This argument is not sound. The extension of benefits provisions does not apply only when the employee’s insurance terminates but refers to “termination of the Employee’s insurance under this Benefit ”. The benefits here concerned are dependent benefits and the termination of those benefits is stated above. The employee still has the basic policy in effect, and this case arises only because the benefits ceased when the dependent “ceases to come within the definition of a Dependent”. For comparison, we refer to the similar extension of benefits clause relating to the employee under the basic benefits. The interpretation urged by appellant would permit the strange result that the policy holder would receive more benefits when his policy terminated for reason of non-payment of premium than if he kept his policy in force.
For the reasons above expressed, we affirm the judgment appealed.

AFFIRMED.